NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-652

COMMONWEALTH

vs.

DAVID C. MCCAULEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, a Boston Municipal Court judge convicted the defendant, David C. McCauley, of assault and battery and assault and battery on a household member.  On appeal, the defendant claims that the Commonwealth did not present evidence that he assaulted the victim, a woman with whom he was in a long-term relationship, and that the judge erred in denying his motion for required findings of not guilty.  We affirm.

Background.  We review the evidence presented at trial in the light most favorable to the Commonwealth.  Commonwealth v. Brown, 496 Mass. 287, 299 (2025).  On July 14, 2021, the victim returned home from work to find the defendant waiting for her on

the porch.  The victim and the defendant lived together and were in a long-term relationship.  They both went inside the house.  They were the only ones present in the home, and once inside, both the front door and rear door were locked.

The victim entered the kitchen and was sitting down in a chair when she heard the defendant, who was behind her, say, "Now I need to kill you."  The victim next recalled the defendant telling her, "I think you need to go to the hospital now."  Between the time she heard the defendant say, "Now I need to kill you" and his telling her that she needed to go to the hospital, the victim remembers nothing.

The victim then went to her next-door neighbor's home and asked the neighbor to take her to the hospital.  At the hospital, the victim's injuries were treated.  She sustained multiple injuries:  nine broken ribs, a broken nose, a broken eye socket, and the loss of two teeth.  The injuries were photographed, and a police detective interviewed the victim.

Within the next few days, the detective accompanied the victim's sister into the victim's home.  At the house, the detective observed apparent blood markings on the walls and doors of several rooms in the house, which were photographed and presented at trial.  The detective also observed that the doors were locked and undamaged.

Discussion. The defendant claims that there was "no evidence . . . that [the defendant] committed assault and battery on [the victim]," and that as a result there was insufficient evidence to sustain convictions of assault and battery and assault and battery on a household member, and that the judge therefore erred in denying his motion for required findings of not guilty. We disagree.

In reviewing whether the evidence was sufficient, "we assess the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found each element of the crime[s] beyond a reasonable doubt." Brown, 496 Mass. at 299. Proof of the essential elements "may be based on reasonable inferences drawn from the evidence," id., and a conviction can be substantiated by evidence which is "entirely circumstantial," Commonwealth v. Whitaker, 460 Mass. 409, 416 (2011).

The evidence supported an inference that the victim and the defendant were the only two people in the house. The defendant threatened the victim, who then sustained several injuries. Although the victim possesses no memory of the assault, the evidence of her injuries, the blood splattered throughout the home, and the locked and undamaged doors are sufficient to support the inference that the defendant assaulted her.

3

The Commonwealth carries the burden of proving each element of the crime beyond a reasonable doubt, but it need not affirmatively prove that no one else could have committed the crime.  See Commonwealth v. Farley, 443 Mass. 740, 746 (2005), quoting Commonwealth v. Leach, 156 Mass. 99, 101-102 (1892) ("In order to convict on circumstantial evidence, it is not necessary to show that it was not in the power of any other person than the defendant to commit the crime").  Furthermore, our review under Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), occurs "without reference to the credibility of the witnesses or weight of the evidence," and so we do not consider "the integrity of [the Commonwealth's] investigation."  Commonwealth v. Doucette, 408 Mass. 454, 457 (1990).

The evidence presented was sufficient to support the convictions, and we affirm the judge's denial of the defendant's motion for required findings of not guilty.

Judgments affirmed.

By the Court (Meade,
D'Angelo & Tan, JJ.[1]),

Clerk

Entered:  April 22, 2026.

_____

[1] The panelists are listed in order of seniority.

4